03/28/2025 02:05 PM
MIKE PATTERSON
CLERK OF COURTS
LAWRENCE COUNTY
Judge:BALLARD, ANDREW P
Case No. 25OC000246

IN THE COURT OF COMMON PLEAS
LAWRENCE COUNTY, OHIO

| | |
|---|---|
| LISA WILLIAMS,<br>671 Township Rd 88,<br>Proctorville, OH 45669<br><br>AND<br><br>MICHAEL WILLIAMS,<br>671 Township Rd 88,<br>Proctorville, OH 45669<br><br>Plaintiff,<br><br>-vs.-<br><br>LIBERTY MUTUAL PERSONAL<br>INSURANCE COMPANY<br><br>**Please Serve Statutory Agent:**<br><br>Ann R. Schilling<br>c/o Corporation Service Company<br>1160 Dublin Rd. Suite 400<br>Columbus, Ohio 43215<br><br>Defendant. | CASE NO: 25OC246<br><br>JUDGE: Ballard<br><br><br>**COMPLAINT WITH<br>JURY DEMAND<br>ENDORSED HEREON** |

**NOW COMES** Plaintiffs, Lisa & Michael Williams, by and through undersigned counsel, and states the Complaint against the named Defendant, as follows:

### I. The Parties

1. Plaintiff Lisa & Michael Williams reside at 671 Township Rd 88, Proctorville, OH 45669 and has resided at the relevant times herein.

2. Defendant Liberty Mutual Personal Insurance Company is an insurance company which issued homeowner's policy number H3V-281-465964-70 4 8 to the Plaintiffs, Lisa & Michael Williams, that provided coverage for the Home generally.

Page 1 of 8

3. Pursuant to Civil Rule 10(D), the best available copy of the Policy is attached to this Complaint.

4. The Policy was in full force and effect on May 22, 2024.

## II. Jurisdiction and Venue

5. The Home is located in Lawrence County, Ohio.

6. The Policy was issued to provide coverage for the Home in Lawrence County, Ohio.

7. The operative facts and actions that give rise to this complaint and the loss substantially occurred in Lawrence County, Ohio.

8. Defendant Liberty Mutual Personal Insurance Company conducts substantial business within Lawrence County, Ohio.

9. Jurisdiction is properly invoked in the Lawrence County Court of Common Pleas.

10. Venue is proper in Lawrence County.

## III. Statement of Facts

11. The Plaintiffs owned the Home on May 22nd, 2024, as a primary residence and it is still owned by Plaintiffs today.

12. On or about May 22nd, 2024, Plaintiffs suffered a substantial storm loss to their home.

13. The Plaintiffs promptly notified Liberty Mutual Personal Insurance Company of the occurrence on or about May 22nd, 2024.

14. The Plaintiffs fully cooperated with Liberty Mutual Personal Insurance Company following the May 22nd, 2024 loss.

15. The Plaintiffs satisfied all conditions precedent to pursue a valid property loss claim under The Policy.

16. Liberty Mutual Personal Insurance Company failed to conduct a reasonable investigation of the loss.

17. Liberty Mutual Personal Insurance Company failed to properly indemnify the Plaintiffs for the loss pursuant to the terms of The Policy.

18. As a result of the loss and the failure to conduct a reasonable investigation, there was loss of use and additional damage at The Home.

19. Liberty Mutual Personal Insurance Company wrongfully processed the claim in bad faith or otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiffs for a covered loss.

20. The Plaintiffs placed reasonable reliance on Liberty Mutual Personal Insurance Company that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for their property losses.

## **COUNT I: BREACH OF CONTRACT**

21. The Plaintiffs restate and re-alleges every allegation contained in the preceding paragraphs as if fully rewritten herein.

22. The Plaintiffs had a valid contract of insurance in place with Defendant on May 22nd, 2024.

23. The valid contract of insurance applied generally to 671 Township Rd 88, Proctorville, OH 45669.

24. Defendant breached the terms of that contract by failing to fully indemnify the Plaintiffs for the Plaintiff's loss according to the terms of the contract.

25. Defendant breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiffs according to the terms of the contract.

26. As a direct and proximate result of the breach of the insurance contract by Liberty Mutual Personal Insurance Company, the Plaintiffs have sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

27. The Plaintiffs restate and re-allege every allegation contained in the preceding paragraphs as if fully rewritten herein.

28. Defendant, Liberty Mutual Personal Insurance Company, has obligation to act in good faith when determining coverage for this claim.

29. Liberty Mutual Personal Insurance Company has a duty to act in good faith in adjusting the value of this claim.

30. Liberty Mutual Personal Insurance Company has an independent affirmative duty to act in good faith concerning its investigation and of a claim and communication with the Plaintiffs concerning this claim.

31. The Plaintiffs placed reasonable and justifiable reliance upon Liberty Mutual Personal Insurance Company to investigate, communicate, adjust, and pay this claim.

32. Liberty Mutual Personal Insurance Company breached its duty of good faith and fair dealing by engaging in the following acts or omissions without reasonable justification:

    a. Failing to pay the claim promptly.

b. Failing to pay an adequate amount for the claim.

c. Failing to establish a reasonable justification for the denial of the Plaintiff's claim.

d. Taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiffs to accept an unfair settlement of the claim.

e. Failing to properly inspect the site of the loss.

f. Failing to properly investigate the claim.

   i. Specifically, Liberty Mutual did not accept or deny the claim within 21 days and did not provide an explanation of why it would need more time.

   ii. Further, Liberty Mutual inspected the property on May 27, 2024 but did not complete an estimate until June 22, 2024 and then did not revise its estimate until August 19, 2024 even though it received contractor estimates on July 5, and 29, 2024 from the Plaintiffs.

g. Failing to honor a properly invoked demand for appraisal.

h. Failing to properly analyze the cause of the loss and/or the applicable coverage.

i. Failing to properly review the analysis contained in any reports related to the loss in its possession.

j. Failing to properly review the available evidence related to the loss.

k. Failing to prepare a good faith estimate of damage caused by the loss.

l. Refusing Plaintiff's reasonable requests for information.

m. Failing to timely respond to Plaintiff's requests for information.

n. Failing to properly train, supervise and/or instruct its adjusters and/or agents.

o. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims.

p. Failing to timely provide sufficient funds for the repairs and replacement of the subject property.

q. Failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance; and

r. Engaging in other wrongful acts or omissions to be shown at trial on the merits.

33. Liberty Mutual Personal Insurance Company's failure to properly indemnify the Plaintiffs for this covered loss is without reasonable justification.

34. Liberty Mutual Personal Insurance Company's failure to properly investigate this loss and properly communicate with the Plaintiffs is without reasonable justification.

35. As a direct and proximate result of Liberty Mutual Personal Insurance Company's bad faith conduct, the Plaintiffs have been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT III: PUNITIVE DAMAGES

36. The Plaintiffs restate and re-alleges every allegation contained in the preceding paragraphs as if fully rewritten herein

37. The conduct of Liberty Mutual Personal Insurance Company has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiffs, such that the Plaintiffs are entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, Lisa & Michael Williams, by and through counsel, demands the following relief:

A. Judgment against Defendant, **Liberty Mutual Personal Insurance Company**, for the full value of the losses and damages caused by Fallen Tree - Entire Tree, Fallen Tree - Limbs, Hail, Tornado, Wind loss at The Home on or about **May 22nd, 2024**, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

B. Judgment against Defendant, **Liberty Mutual Personal Insurance Company**, for an award of compensatory bad faith damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

C. Judgment against Defendant, **Liberty Mutual Personal Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

D. An award of reasonable attorney's fees and costs incurred in the prosecution of this action.

E. An award of pre-judgment interest; and

F. Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Cory D. Thompson*
Cory D. Thompson (0077967)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2306 Park Avenue
Cincinnati, Ohio 45206
T: (513) 444-4444 Ext. 111
F: (513) 812-3690
E: cthompson@maislinlaw.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Cory D. Thompson*
Cory D. Thompson (0077967)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2306 Park Avenue
Cincinnati, Ohio 45206
T: (513) 444-4444 Ext. 111
F: (513) 812-3690
E: cthompson@maislinlaw.com

*Attorney for Plaintiffs*

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested.

*/s/ Cory D. Thompson*
Cory D. Thompson (0077967)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2306 Park Avenue
Cincinnati, Ohio 45206
T: (513) 444-4444 Ext. 111
F: (513) 812-3690
E: cthompson@maislinlaw.com
*Attorney for Plaintiffs*